USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1244 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. ASSORTED PIECES OF JEWELRY, Defendant, Appellee.  ____________ RAMON TORRES-GONZALEZ, Claimant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Daniel R. Dominguez, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ ____________________ Ramon Torres-Gonzalez on brief pro se. _____________________ Guillermo Gil, United States Attorney, and Jacqueline D. Novas, _____________ ____________________ Assistant United States Attorney, on brief for appellee. ____________________ October 14, 1997 ____________________ Per Curiam. Claimant Ramon Torres-Gonzalez appeals from a district court judgment directing that four items of jewelry be forfeited as proceeds of his drug-related activity. See 21 U.S.C. 881(a)(6). As claimant concedes, ___ the sole issue squarely presented below--that the forfeiture proceeding constituted a second form of punishment in violation of double jeopardy--is now defunct in light of United States v. Ursery, 116 S. Ct. 2135 (1996). He has _____________ ______ accordingly shifted gears on appeal and advanced a variety of arguments involving, inter alia, due process and the Fourth ___________ Amendment.  None of these contentions is properly before us. While claimant is correct that several were set forth as affirmative defenses below, they were never pursued. The number of claims was narrowed at the November 8, 1995 status conference. And in response to the court's directive that those remaining issues be briefed, claimant submitted a pleading confined to his double-jeopardy contention. All other claims, including those he now presses on appeal, were thereby waived.  A review of claimant's arguments reveals them to be without merit in any event. Absent any allegation that the forfeiture action was filed outside the applicable statute of limitations, his complaints of administrative delay fail in light of United States v. James Daniel Good Real Property, _____________ ________________________________ -2- 510 U.S. 43, 62-65 (1993). His Fourth Amendment argument, even if not waived as a result of his plea agreement, is negated by the uncontested facts on record. His prompt response to the forfeiture complaint belies any claim of inadequate notice. To the extent claimant is disputing the existence of probable cause for the forfeiture, the government's pleadings established an ample basis therefor. See, e.g., Dock. # 19. Finally, the district court acted ___ ____ well within its discretion in declining to review arguments advanced for the first time in claimant's Rule 59(e) motion. See, e.g., Jorge Rivera Surillo & Co. v. Falconer Glass ___ ____ _____________________________ _______________ Indus., 37 F.3d 25, 28-29 (1st Cir. 1994); Williams v. ______ ________ Poulos, 11 F.3d 271, 289 (1st Cir. 1993).  ______ Affirmed. _________ -3-